IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NAQUAN MCKEEVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-258-GMS |
| | ) | |
| WARDEN PERRY PHELPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

The plaintiff, Naquan McKeever ("McKeever"), who appears *pro se* and was granted permission to proceed *in forma pauperis*, filed this lawsuit pursuant 42 U.S. C. § 1983 on March 28, 2011.  The court has jurisdiction pursuant to 28 U.S.C. § 1331.  Before the court are the defendants' motion for summary judgment and motion to dismiss for failure to prosecute.  (D.I. 32, 34.)

## I.      Background

McKeever alleges that the defendants violated his constitutional rights to freely exercise his religion.  After the defendants were served and answered the complaint, the court issued a scheduling order that established deadlines for completing discovery (July 16, 2015) and filing dispositive motions (September 16, 2015).  (D.I. 26.)  On May 7, 2015, the defendants served McKeever with discovery.  (D.I. 27.)  McKeever did not respond to the discovery requests.  Nor did he seek discovery from the defendants.  When McKeever was deposed on July 8, 2015, he indicated he would respond to the discovery requests within a week from the deposition.  (D.I. 34, ex. A at 6-11.)  There is no indication on the court docket that he did so.

The defendants filed a motion for summary judgment on September 16, 2015, the dispositive motion deadline. (D.I. 33.) McKeever did not respond to the motion. On October 14, 2015, the defendants filed a motion to dismiss for failure to prosecute. (D.I. 34.) McKeever did not respond to the motion. (D.I. 60.) Except for attending his deposition on July 8, 2015, the last action taken by McKeever occurred on September 28, 2013, when he filed an amended complaint. (*See* D.I. 23.)

## II.    Failure to Prosecute

The court turns to the issue of McKeever's failure to prosecute, given that he did not participate in the discovery process and did not respond to defendants' dispositive motions. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v.*

2

*Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010) (unpublished).

The court must balance the factors and need not find that all of them weigh against the McKeever to dismiss the action. *Emerson,* 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## III.    Discussion

The court finds that the *Poulis* factors warrant dismissal of McKeever's case. First, as a *pro se* litigant, McKeever is solely responsible for prosecuting his claim. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008). Second, the defendants are prejudiced by McKeever's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). McKeever's failure to participate in the discovery process severely impedes the defendant's ability to prepare a trial strategy.

With regard to the third factor, the court notes that McKeever has acted in a dilatory manner when he failed to participate in this case through the discovery process, failed to respond to the motion for summary judgment, and failed to respond the motion to dismiss for want of prosecution. This leads to the conclusion that, as to the third factor, there is a history of dilatoriness.

As to the fourth factor, the facts to date lead to a conclusion that McKeever's failure to prosecute is willful or in bad faith. McKeever filed this lawsuit yet failed to participate in discovery or to respond to dispositive motions. For these reasons, the court finds McKeever's actions willful and in bad faith.

As to the fifth factor, McKeever proceeds *pro se* and has been granted *pauper* status. Hence, it is doubtful that monetary sanctions would be effective. Finally, as to the sixth factor, the court takes no position on the merits of the claim given the lack of discovery.

For the above reasons, the court finds that the *Poulis* factors weigh in favor of dismissal. Therefore, the court will grant the defendants' motion to dismiss for failure to prosecute.

## IV.   Conclusion

For the above stated reasons, the court will:  (1) grant the motion to dismiss for failure to prosecute (D.I. 34); and (2) deny as moot the motion for summary judgment (D.I. 32).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Feb 18 , 2016
Wilmington, Delaware

4